### CHARLES HUBBARD *vs.* QUINCY A. SHAW.

A mortgagee of land, in possession, is entitled to be allowed, on the redemption of the estate, for reasonable counsel fees paid in a proper endeavor to collect the rents and profits; and is not liable for damages done to the estate without his knowledge, by his tenant, provided the latter was one to whom the estate might properly be leased; or for wood cut and used on the premises for firewood and repairs by such tenant, he being a tenant for years.

If a mortgagee of land, in possession, has agreed upon the terms of a lease, after proper endeavors to let the same advantageously, and the solicitor of the mortgagor afterwards offers a higher rent, in the name of his client, the mortgagee will not thereby be rendered chargeable for more rent than he actually receives, upon carrying out his agreement; especially if it does not appear that the solicitor had authority to bind his client by making the offer.

BILL IN EQUITY brought on the 17th of September 1860 by a second mortgagee to redeem land from the first mortgage. The case was referred to a master, to whose report the defendant filed exceptions.

It appeared by the master's report that on the 21st of September 1857 the defendant entered upon the premises for the purpose of foreclosure, and on the same day, with the written consent of the plaintiff, leased the same to Charles McIntier for three years, or during such portion of said term as the lessor should continue his possession under the mortgage, at a rent of four hundred and eighty dollars a year, and all taxes. In October 1860 the defendant commenced a process against McIntier to recover possession of the premises for non-payment of rent, and recovered judgment in the police court, and McIntier appealed, recognizing with sureties as required by the statutes. Final judgment for possession was recovered, and McIntier

ejected from the premises in November 1861. An action was then commenced on the recognizance, which was brought by appeal to this court, and final judgment therein was rendered for Shaw, the present defendant, for one thousand dollars damages, and costs, in February 1863, and execution issued. See *Shaw* v. *McIntier*, 5 Allen, 423. The execution was returned in no part satisfied, and no part of the judgment has ever been paid. The present defendant paid one hundred and fifty dollars for counsel fees in prosecuting that suit. The master found this sum to be a reasonable one, and the employment of counsel necessary to prosecute the suit.

Upon coming into possession of the premises in November 1861, the defendant supposed that his title was perfect, and accordingly made an agreement to sell the premises to E. C. Stevens for about nine thousand dollars, who entered into possession under this agreement. Having ascertained that his title was not absolute, in consequence of the pendency of the present bill, the use of the premises for two years was sold by auction to Stevens in January 1862, for fifty dollars a year and taxes; the rent to abate if the premises were redeemed within that time. The defendant allowed in his account for the use of the premises from November 1861 to January 1862. Stevens continued in occupation, and in March 1864 the defendant's solicitor employed a broker to procure a tenant for the premises, and, after advertising the same three times a week for two weeks, they were again let to Stevens for one year at the same rate.

On the 2d of August 1864, the plaintiff's solicitor addressed to the defendant's solicitor a note, in behalf of the plaintiff, protesting that the letting of the estate for the current year was in violation of good faith, insisting that the rentable value was one thousand dollars a year, and offering a larger sum. To this the defendant's solicitor replied, saying that the estate was leased for a year, reciting the pains taken to procure a tenant, and adding that it did not appear that the plaintiff's solicitor was authorized to make any offer binding upon the plaintiff.

Stevens during his occupation of the premises cut fifty cords of wood, which he used for firewood and other purposes, on the

premises. He also, without the defendant's knowledge, removed a portion of the soil, thereby injuring the premises to the amount of fifty dollars.

The case was reserved by *Chapman*, J. for the determination of the full court.

*C. A. Welch*, for the defendant. The defendant should be allowed for the counsel fees. *Godfrey* v. *Watson*, 3 Atk. 518. *Miller* v. *Whittier*, 36 Maine, 577, 580, 586. He is not liable for the removal of the soil. Being a mere trustee, whose trust is forced upon him by another's default, he is only responsible for gross negligence or wilful default. *Hughes* v. *Williams*, 12 Ves. 493. *Clark* v. *Smith*, Saxton, (N. J.) 121, 137. *Beare* v. *Prior*, 6 Beav. 183. *Hood* v. *Easton*, 2 Giffard, 692. Nor is he liable for the wood which was used on the premises. The solicitor had no right to bind his client, by the offer of an increased rent. *Shores* v. *Caswell*, 13 Met. 413. *Ex parte Holbrook*, 5 Cow. 35. *Hubert* v. *Alexander*, 2 Call, (Va.) 498, 503.

No counsel appeared for the plaintiff.

CHAPMAN, J. The case now comes before us on the defendant's exceptions to the master's report.

1. We think that in this bill to redeem the mortgage, in which the defendant is to be charged for rents and profits, including what he received on the judgment upon the recognizance, he should be credited in account with such reasonable counsel fees as he was obliged to pay in collecting the rents and profits.

2. The master refers it to the court to decide whether the defendant ought to be charged with the sum of fifty dollars damage done to the land by his tenant Stevens. It does not appear that he improperly rented the land to Stevens; and he had no knowledge of the waste committed by Stevens in digging up the soil. As he was ignorant of the waste, it cannot be regarded as done or permitted by him, and he is not liable for it.

3. As tenant for years, Stevens had a right to cut wood on the farm for fires and repairs, and this is not to be charged to the defendant. 1 Washburn on Real Prop. 99. It is not found that the quantity cut was unreasonable.

4. The plaintiff's solicitor had not authority, merely as solicitor in the suit, to accept a lease of the land for his client; and, as no other authority is pretended, his offer to pay more rent was not binding on the defendant. Again, the offer was not made till after the defendant had agreed to lease the land to Stevens, and the defendant was under no obligation to break his verbal agreement for the purpose of accepting such an offer.

The exceptions are sustained, and the report is to be recommitted to the master to alter his account so that it shall conform to these principles; and to add thereto the amount that will be due on the first day of March next, including interest, and deducting rents and profits, and return the amended report as soon as may be, and the cause will then stand for further directions.